NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| ROMUALD DESWOLKIEN, | : | Civil No. 06-1507 (JLL) |
| Plaintiff, | : |  |
|  | : | OPINION |
| v. | : |  |
| LIBERTY HEALTH SERVICES, a/k/a JERSEY CITY MEDICAL CENTER, | : |  |
| Defendants. | : |  |

**APPEARANCES:**

    ROMUALD DESWOLKIEN, Plaintiff Pro Se
    Hagedorn Psychiatric Hospital
    200 Sanatorium Road
    Glen Gardner, New Jersey 08826-3291

**LINARES**, District Judge:

Plaintiff Henry Owens seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, Plaintiff qualifies for in forma pauperis status. See 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, the Court dismisses the Complaint for lack of jurisdiction.

## I. BACKGROUND

Plaintiff sues Liberty Health Services, also known as Jersey City Medical Center. Plaintiff asserts that Defendant operates several health facilities and resides in Jersey City, New Jersey. Plaintiff asserts that Defendant's agents conspired to violate his constitutional rights by kidnapping him and detaining him for several days in March 2004 and January 2006, in order to

extort fees and money for alleged treatment.  Plaintiff asserts that the agents of Defendant seized his personal belongings, assaulted him, poisoned him, and detained him for seven days in 2004 and 21 days in 2006.  He seeks injunctive relief restraining Defendant's agents from being within 12 feet of Plaintiff.

## II.  LEGAL STANDARD

The Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental entity, officer or employee.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The Court is required to identify cognizable claims and to dismiss any claim which is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous within the meaning of 28 U.S.C. § 1915A if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  ?A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines, 404 U.S. at 520).

### III.  DISCUSSION

A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  As the Supreme Court stated in Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986),

> it is appropriate to restate certain basic principles that limit the power of every federal court.  Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.

"Every grant of federal jurisdiction must fall within one of the nine categories of cases and controversies enumerated in Article III."  In re TMI Litigation Cases Consol. II, 940 F.2d 832, 861-62 (3d Cir. 1991) (Scirica, J., concurring) (citing Hodgson v. Bowerbank, 5 Cranch (9 U.S.) 303, 3 L.Ed. 108 (1809)).  Article III of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing federal jurisdiction must appear on the face of the complaint.  McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936).  The plaintiff, "who claims that the power of the court should be exerted in his behalf . . .

must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189. Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

(1)  Diversity Jurisdiction

The constitutional grant of diversity jurisdiction extends to "Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2; see also 28 U.S.C. § 1332. Diversity jurisdiction is determined by examining the citizenship of the parties at the time the complaint is filed. Smith v. Sperling, 354 U.S. 91 (1957). As the face of the Complaint indicates that all parties are citizens of New Jersey, the Court does not have diversity jurisdiction over the action.

(2)  Federal Question Jurisdiction

A district court may also exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the

United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).  State action exists where the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State."  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). Determining state action involves a two-step approach.

> [T]he first question is whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority.  The second question is whether, under the facts of this case, respondents, who are private parties, may be appropriately characterized as "state actors."

Lugar, 457 U.S. at 939; see also Sullivan, 526 U.S. at 50.

"Before private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation, e.g., authorizing its own officers to invoke the force of law in aid of the private persons' request." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1266 (3d Cir. 1994).  A private person may fairly be said to be a state actor "when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state."  Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999).

Here, Plaintiff asserts that Liberty Health Services, which operates the Jersey City Medical Center, caused Plaintiff's abduction and detention for several days in 2004 and again in

5

2006. However, nothing in the Complaint supports an inference that Liberty Health Services, a private non-profit entity, was a state actor or that the kidnapping and detention were "fairly attributable to the State." <u>Lugar</u>, 457 U.S. at 937. Because the Complaint does not show that Defendant was acting under color of state law when it had Plaintiff abducted and detained, the Court lacks federal question jurisdiction based on a § 1983 claim. As there is no basis for the Court to exercise jurisdiction over what are essentially tort claims arising under state law, the Court is constrained to dismiss the Complaint in its entirety for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to file the Complaint <u>in</u> <u>forma</u> <u>pauperis</u> and dismisses the Complaint.

The Court will enter an appropriate Order.

        /s/ Jose L. Linares  
United States District Judge

DATED: April 24, 2006